In re David R. GREEN, Debtor.

ESL Federal Credit Union, Plaintiffs,

v.

David R. Green, Defendant.

Bankruptcy No. 05–21065.
Adversary No. 05–2155.

United States Bankruptcy Court,
W.D. New York.

Nov. 8, 2006.

David H. Ealy, Trevett, Lenweaver & Salzer, P.C., Rochester, NY, for Debtor.

## DECISION & ORDER

JOHN C. NINFO, II, Chief Judge.

### BACKGROUND

On March 14, 2005, David R. Green (the "Debtor") filed a petition initiating a Chapter 11 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that he was indebted to ESL Federal Credit Union ("ESL") on a Home Equity Line of Credit Agreement (the "ESL Note") in the amount of $194,996.00, which was secured by a Home Equity Line of Credit Mortgage (the "ESL Mortgage") that was a lien on his residence at 23 Carefree Lane, Parma, New York (the "Carefree Lane Property").

On June 20, 2005, ESL filed an Adversary Proceeding (the "ESL Adversary Proceeding"), which requested that the Court determine the amounts due on the ESL Note and Mortgage to be nondischargeable.

The Complaint in the ESL Adversary Proceeding alleged that: (1) in order to obtain the loan evidenced by the ESL Note and secured by the ESL Mortgage, the Debtor provided ESL with: (a) an affidavit (the "Green Affidavit") confirming that he had paid off a $275,000.00 loan from GMAC Mortgage Corporation (the "GMAC Loan") that was secured by a mortgage on the Carefree Lane Property (the "GMAC Mortgage"); and (b) a satisfaction of the GMAC Mortgage (the "GMAC Satisfaction"); (2) the Debtor's representation that he had paid off the GMAC Loan was false, misleading and fraudulent, and the GMAC Satisfaction was fictitious, false and unauthorized by GMAC Mortgage Corporation; (3) ESL entered into the loan evidenced by the ESL Note and Mortgage in reliance upon the Debtor's representations in the Green Affidavit and the GMAC Satisfaction; (4) ESL was damaged by the Debtor's conduct because: (a) the GMAC Loan had never been paid off and the GMAC Mortgage had never been satisfied or released; (b) there was in excess of $230,000.00 due on the GMAC Mortgage when the loan evidenced by the ESL Note and Mortgage was made; and (c) when the loan evidenced by the ESL Note and Mortgage was made, the amounts due on the GMAC Mortgage and two other mortgages that were liens on the Carefree Lane Property, including an HSBC Mortgage, exceeded the fair market value of the Property; (5) under Paragraph 7 of the ESL Note, ESL was entitled to recover any attorneys' fees and expenses incurred in protecting the Carefree Lane Property or its rights in the Property, which should also be determined to be nondischargeable; (6) the Debtor obtained the loan evidenced by the ESL Note and Mortgage by larceny, in violation of New York Penal Law Section 155 et. seq.; and (7) ESL was entitled to an Order determining the amounts due on the ESL Note and Mortgage, together with recoverable expenses, including attorneys' fees, were nondischargeable pursuant to Sections 523(a)(2), (4) and (6).

On July 21, 2005, the Debtor interposed an Answer to the Complaint, which asserted that: (1) the Green Affidavit was intended only to cover a prior $200,000.00 mortgage in favor of GMAC that was refinanced by the GMAC Mortgage; (2) the Debtor did not provide ESL with the GMAC Satisfaction; (3) ESL was aware of the existence of the GMAC Mortgage, but it agreed to make the loan evidenced by the ESL Note and Mortgage notwithstanding the existence of that Mortgage and the two other mortgages that were liens on the Carefree Lane Property; and (4) ESL could recover expenses, including attorneys' fees, only to the extent specifically provided for by Paragraph 7 of the ESL Note.

On October 17, 2005, ESL made a "Motion for Summary Judgment," which was opposed by the Debtor. At that time, because the Court was unwilling to make a determination on the Section 523(a)(4) larceny cause of action until it made a determination on the Section 523(a)(2) fraud and Section 523(a)(6) willful and malicious injury causes of action, it adjourned the Motion so that the parties could obtain additional information from GMAC about the execution and delivery of the GMAC Satisfaction.

Thereafter, the Debtor indicated that he would pay the ESL Note and Mortgage in

full as part of his Chapter 11 Plan. As a result, the Motion for Summary Judgment was tracked with the plan and confirmation process.

On June 5, 2006, ESL filed a supplement (the "Supplement") in support of the Motion for Summary Judgment. It advised the Court that: (1) notwithstanding the Debtor's promise to pay the ESL Note and Mortgage in full, ESL filed a criminal complaint with the appropriate New York State authorities based upon the Green Affidavit and GMAC Satisfaction allegations set forth in the Complaint in the ESL Adversary Proceeding, resulting in an indictment of the Debtor on a charge of grand larceny in the second degree; and (2) at a trial in New York State Supreme Court on May 25, 2006, the Debtor was found guilty of grand larceny in the second degree.

After the Debtor's case was converted to a Chapter 7 case on September 5, 2006, the ESL Motion for Summary Judgment was restored to the Court's calendar.

At a hearing on September 28, 2006, the Debtor's attorney once again asserted that ESL had not met its burden to demonstrate that there was no material issue of fact as to the justifiable reliance element necessary for it to prove in order to prevail on its Section 523(a)(2) fraud cause of action. Not having recalled that the Complaint in the ESL Adversary Proceeding included a Section 523(a)(4) larceny cause of action, the Court: (1) allowed ESL to make an oral motion to amend its Complaint to include a Section 523(a)(4) larceny cause of action based upon the larceny conviction; and (2) reserved on the Motion and afforded the Debtor an opportunity to make a written submission in response to the approved oral amendment.

On October 30, 2006, the Debtor's attorney filed a letter submission (the "Submission"), which asserted that: (1) there were substantial issues of fact with respect to the justifiable reliance element of ESL's Section 523(a)(2) fraud cause of action, and a conviction of grand larceny in the second degree did not meet that burden because that crime did not include an element of justifiable reliance; (2) although the Debtor had no objection to the approved oral amendment of the ESL Complaint to include a Section 523(a)(4) larceny cause of action, ESL should be required to serve the Debtor with a written amended complaint so that he could more fully respond to that cause of action; (3) the Court had no direct evidence that the Debtor had been convicted of the offense of grand larceny in the second degree, and his attorney had no personal knowledge of such a conviction; (4) the issue of the Debtor's guilt or innocence of the crime of grand larceny in the second degree had not been fully determined for purposes of collateral estoppel or *res judicata*, because the conviction was being appealed; and (5) the attorneys' fees that ESL would be entitled to recover and have this Court determine to be nondischargeable should be limited to those specifically provided for in the ESL Note, which limited the expenses, including attorneys' fees, to those incurred in protecting the Carefree Lane Property or protecting the rights of ESL in the Property.

## DISCUSSION

Section 523(a)(4) provides that a discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) does not discharge an individual debtor from any debt for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny.

■ Section 155.05.1 of the New York Penal Law provides that a person steals

property and commits larceny when, with intent to deprive another of property or to appropriate the same to himself or to a third person, he wrongfully takes, obtains or withholds such property from an owner thereof.

■ Section 155.40 of the New York Penal Law provides that a person is guilty of grand larceny in the second degree when he steals property and when the value of the property exceeds fifty thousand dollars.

■ The Submission did not deny that the Debtor was convicted of the crime of grand larceny in the second degree in connection with the amounts obtained and due on the loan evidenced by the ESL Note and Mortgage, it simply asserted that the Debtor's conviction is on appeal.

As a result, ESL has met its burden to show that its debt, as evidence by the ESL Note and Mortgage, is nondischargeable pursuant to Section 523(a)(4).

The provisions in the ESL Note and Mortgage, specifically Paragraph 7 of the Note, are not general and comprehensive provisions for the recovery of all costs and expenses incurred in collecting the amounts due on the ESL Note and Mortgage. Recovery is specifically limited to the costs and expenses incurred in protecting the mortgaged property or ESL's rights in the property.

By November 28, 2006, ESL shall file with the Court and the Debtor's attorney an application setting forth the specific time records and dollar amounts claimed for services performed to obtain a subordination of the HSBC Mortgage on the Carefree Lane Property.

To the extent that ESL believes that, pursuant to its loan documents and *In re* *Lutgen,* 1999 WL 222605 (W.D.N.Y.1999), it is entitled to costs and expenses, including reasonable attorneys' fees, other than those incurred to obtain a subordination of the HSBC Mortgage on the Carefree Lane Property, by November 28, 2006, it shall also file with the Court and the Debtor's attorney a separate application setting forth the specific time records and dollar amounts claimed for any such services.

By December 15, 2006, the Debtor shall advise the Court and ESL that it agrees with the amounts claimed on either or both of the permitted applications, or it shall file written opposition to either or both of the applications that shall specifically identify which services, by time entry, he believes are non-recoverable and why.

If the Debtor files any written opposition, the matter shall be heard on the Court's 9:30 a.m. calendar on December 20, 2006.

Otherwise, the amounts claimed and agreed to or not opposed shall be included in the Court's final Decision & Order of nondischargeability.

### *CONCLUSION*

The principal and interest due on the ESL Note and Mortgage is determined to be nondischargeable pursuant to the provisions of Section 523(a)(4).

In the event that the Debtor's conviction of grand larceny in the second degree is overturned by a New York State Appellate Court, upon written notice given by the Debtor's attorney, the ESL Adversary Proceeding shall be restored to this Court's calendar to afford ESL the opportunity to further prosecute its Section 523(a)(2) and 523(a)(6) causes of action.

This Decision & Order is interlocutory. This Court will enter a final Decision &

Order when the recoverable amounts due to ESL for expenses, including reasonable attorneys' fees, are determined.

**IT IS SO ORDERED.**